**Alva Dwayne JACKSON, Appellant,**

v.

**Vernon Earl COLE, Appellee.**

**No. 12034.**

Court of Civil Appeals of Texas, Austin.

July 11, 1973.

---

W. Chapman Byrd, Byrd & Ferris, Polk Shelton, II, Shelton & Shelton, Austin, for appellant.

Ed Small, Small, Herring, Craig & Werkenthin, Austin, for appellee.

O'QUINN, Justice.

This is an appeal by the natural father of a male child from judgment in district court granting adoption of the minor by appellee, husband of the child's natural mother.

The natural parents of the minor were divorced in Travis County by judgment entered July 21, 1967. Custody of the child, who was twenty months old, was placed in the mother, Linda Jo Cole, then Linda Jo Jackson. The father was accorded visitation rights and ordered to pay through the registry of the court the sum $37.50 twice a month for support of the child.

The mother thereafter, on November 9, 1968, was married to Vernon Earl Cole, and two children since have been born to their marriage.

Vernon Earl Cole, stepfather of the minor, filed his petition to adopt the boy on August 29, 1972, alleging written consent of the natural mother and that consent of the natural father was not necessary under Art. 46a, sec. 6(a), Vernon's Ann.Civ.St., because, for a period of more than two years prior to filing the petition, the natural father had failed to contribute substantially to support of the child, commensurate with the father's financial ability.

As the result of a contempt complaint filed in May of 1968 against appellant for failure to make payments of child support, the district court held appellant in contempt and assessed a fine, which was suspended by the court, and appellant was required to pay $20 each Friday, beginning June 21, 1968, to continue until the child became eighteen years of age.

The record shows that since June 23, 1970, appellant has made no payments of child support and has not otherwise made any contribution to the support of the boy.

The Texas adoption statute provides that no adoption shall be permitted "except with the written consent of the living parents of the child . . ." but by certain provisos makes written consent of a parent unnecessary.

The applicable proviso in this case states " . . . if such parent or parents shall

have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then . . . it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence . . . " (Sec. 6(a), Art. 46a, V.A.T.S.)

The trial court on November 2, 1972, after a hearing, entered an order granting appellee's petition to adopt his stepson and permitting change of the boy's name to Dwayne Cole.

From this order the natural father appeals and brings two points of error. Under the first point appellant urges that the evidence is insufficient to show that appellant did not contribute substantially to support of the child commensurate with appellant's financial ability for a period of two years; and under the second point appellant takes the position that the trial judge abused his discretion in granting adoption.

We will overrule both points of error and will affirm judgment of the trial court.

Appellant concedes that he "has not made any child support payments through the registry of the court since June 23, 1970," an admission that such payments were not made for a period of more than two years prior to institution of proceedings to adopt the minor.

■ Appellant's position is that he did not contribute to support of his son because he lacked financial ability to pay. The record discloses that in the period after June, 1970, when support payments stopped, appellant went twice to Colorado, where he worked for limited periods of time as a surveyor and as a cook. Appellant went to Mexico at least twice, and was married on each of these trips. Appellant has experienced the luxury of three marriages since January of 1968, the last

being in January of 1970. Appellant returned to Texas from Colorado early in 1972 and took employment at Dripping Springs at $150 a week, but made no child support payments from this income. Appellant admitted twice in his testimony at the adoption hearing that he could have obtained money for support of his son, but did not send or offer any payment of support.

Appellant contends that his failure to support the child was excused because he believed support money would not be accepted by the mother, under the doctrine of Al Khafaji v. Meitzen, 429 S.W.2d 174, 179 (Tex.Civ.App. Austin 1968, writ dsmd.). This contention is contrary to the evidence and contrary to appellant's own testimony. When asked, "Did they [the Coles] ever refuse to take money from you?" appellant answered, "They didn't, in actuality, refuse to take money. I asked if Dwayne needed anything, and they said, 'Dwayne is fine. We don't need anything.' "

This testimony was corroborated by Mrs. Cole, the boy's mother, who said when on some occasions she had a call from appellant, he asked if the boy was all right and if he needed anything, but that appellant never offered to send child support. On three occasions appellant acknowledged he was delinquent in child support payments and promised to send money later. Mrs. Cole testified that if appellant had sent money she would not have refused it and would not have sent it back.

The record does not support the contention that appellant as the person obligated to make child support payments had reason to believe or did believe that the money would not be accepted. (429 S.W.2d 179).

■ Appellant offers the further excuse for his failure to support his son that appellant was destitute and, even though not personally able to contribute, he made arrangements for his parents to help if necessary. In support of this argument appel-

lant relies on Heard v. Bauman, 443 S.W. 2d 715 (Tex.Sup.1969).

Appellant's father testified, when asked if he ever offered the boy's mother any money, "I never did pull it out of my pocket, but I always asked if she needed any money for Dwayne or anything like that." Mrs. Cole's testimony is consistent with this evidence. She stated that although the general question about needing anything was asked by the parents, no money was ever offered and none was ever given by them for the support of the boy.

The principle of Heard v. Bauman has no application to the facts of this case.

Under his second point appellant contends the trial judge abused his discretion because (1) there existed some scheme or plan on the part of appellee and the child's mother to bring about an adoption, and (2) the best interest of the child would be served to refuse the adoption.

We are unable to discover from the record evidence of a scheme or plan. The plain facts are that after appellee and the boy's mother had been married nearly four years, had two additional children of their own, and appellee had come to care for Dwayne, by that time a youngster of school age, the couple consulted a lawyer to learn what steps were necessary for appellee to adopt the boy as his son. When told that consent of the natural father would be needed, unless there had been abandonment or failure to support for two years, the Coles investigated and found that the last payment of child support had been June 23, 1970, more than two years prior to the time of their inquiry. Consent of the natural father was sought, which was refused, and petition for adoption was then filed, more than twenty-six months after appellant stopped making payments of child support.

These facts will not support a contention that the Coles misled appellant or intentionally lulled him into believing he could continue for two years to ignore the court's order to make payment of child support without losing his right to prevent an adoption by withholding written consent. Appellant was conscious of the court order, but even after he returned to Texas early in 1972, nearly eight months before the petition for adoption was filed, he failed to make any payment of support, although he had an income then of $600 a month.

■ It is settled that whether an adoption should be granted is within the discretion of the trial court. Rubey v. Kuehn, 440 S.W.2d 95, 99 (Tex.Civ.App. Houston 1st 1969, writ ref.). The trial court correctly found that the natural father had not supported the minor child in a manner or in an amount commensurate with his means for more than two years, that the father had not given any support for more than two years, and that his written consent to the adoption was not necessary.

■ Under these facts the adoption statute provides that adoption may be permitted on written consent of the Judge of the Juvenile Court of the county where the child resides. The trial court caused an investigation to be made and had before it the report of investigation. The court heard the testimony of interested parties and other witnesses. In concluding that the best interest of the minor would be served to permit the adoption, the court did not abuse its discretion.

The judgment of the trial court is affirmed.